IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MATTHEW MARTINEZ. | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No.  21-160 |
| KING TEARS MORTUARY, INC., | § § § | |
| Defendant. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

For his Original Complaint against Defendant King Tears Mortuary, Inc., Plaintiff Matthew Martinez shows the following:

### Introduction

1.      This is an action for unpaid overtime compensation under the Fair Labor Standards Act (FLSA).  Plaintiff Matthew Martinez has been employed by Defendant King Tears Mortuary, Inc. in a non-exempt position.   However, Defendants failed to pay Plaintiff overtime compensation in accordance with the Fair Labor Standards Act.  Plaintiff now sues for damages.

### Parties

2.      Plaintiff Matthew Martinez is an individual residing in 10115 Dobbin Dr., Austin, Texas 78748.  He may be served with papers through the undersigned counsel.

3.      Defendant King Tears Mortuary, Inc. is a corporation organized under the laws of the State of Texas. According to the Texas Secretary of State, Defendant's principal place of

1

business is located at 2400 Givens Ave., Austin, Texas 78722.  It may be served with process through its Registered Agent, Stuart H. King at 2400 Gibbons Ave., Austin Texas 78722.

### Jurisdiction and Venue

4.      The Court possesses personal jurisdiction over Defendant King Tears Mortuary, Inc. because Defendant is organized under the laws of the State of Texas, because this Defendant maintains its principal place of business in Texas, and because Defendant continuously operates in Texas. The Court possesses subject-matter jurisdiction pursuant to 28 U.S.C. Section 1331 because this action is brought pursuant to a federal statute, the Fair Labor Standards Act.  Venue is proper in the Western District of Texas because Plaintiff worked for Defendant in Austin, Texas, which is in the geographic confines of the Austin Division of the Western District of Texas.

### Statement of Facts

5.      Defendant operates a funeral home in Austin, Texas.  Plaintiff has worked for Defendant as an assistant funeral director since the summer of 2017.  Up until sometime in 2020, Plaintiff was improperly classified as "contract labor" even though he clearly should have been classified as a "non-exempt" employee.  In or around August of 2020, Plaintiff was converted to employee status (paid on a salary basis), though duties remained the same.  But by November of 2020, Defendant re-converted Plaintiff back to contractor status paid on an hourly basis. Throughout his employment, Plaintiff was worked overtime (*i.e.*, hours in excess of 40 hours per week), but Defendant has refused to pay him the overtime premium for his overtime hours. Plaintiff has inquired about being paid the overtime premium but has been told "we don't pay overtime."

### Causes of Action:  Violations of the Overtime Provisions of the FLSA

6.      Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 5 supra.

7.      At all times relevant to this lawsuit, Defendant was an employer within the meaning of the Fair Labor Standards Act and was the employer of Plaintiff.  Defendant has engaged in interstate commerce, and has had gross annual sales in excess of $500,000.00.  At all times relevant to this lawsuit, Plaintiff has been an employee of Defendant. Plaintiff has likewise directly engaged in interstate commerce while performing her work on behalf of Defendant.

8.      At all times relevant to this lawsuit, Plaintiff was an employee of Defendant, although he was improperly classified as "contract labor."  Plaintiff was at all times relevant to this lawsuit non-exempt from the minimum wage and overtime provisions of the FLSA.  As a funeral director assistant, Plaintiff did not perform exempt duties under any of the exemptions recognized by the FLSA.  Moreover, up until sometime around August of 2020, Plaintiff was paid on an hourly basis, which also disqualified him from being exempt under any of the FLSA's white-collar exemptions.  Plaintiff was paid on a salary-basis for a period of time between August and November of 2020, but even then, his weekly salary level was below the threshold mandated by the white collar exemptions.

9.      Despite his non-exempt status, Plaintiff has not been paid an overtime premium in those workweeks when he has worked in excess of 40 hours over the last three years.  As such, Plaintiff is owed the FLSA-mandated overtime premium for all hours worked over 40 in any workweek.  Plaintiff also contends that he is owed an equal amount in liquidated damages because Defendants cannot establish a "good faith" defense under 29 U.S.C Section 260. Finally, Plaintiff contends that he is entitled to invoke the FLSA's three-year statute of limitations because Defendants' violations of the FLSA with respect to Plaintiff were willful.

10.      Finally, because Plaintiff has had to retain counsel to prosecute this action, he is entitled to an award of attorney fees.

3

## Jury Demand

11.    Plaintiff demands a trial by jury.

## Conclusion and Prayer

12.    Plaintiff prays that, upon final judgment, he be awarded the following:

a.    Unpaid overtime;

b.    Liquidated damages;

c.    Attorney fees;

d.    Costs of court and litigation expenses;

e.    Post-judgment interest; and

f.    All other relief to which Plaintiff is entitled.


Respectfully submitted,


/s/ MICHAEL V. GALO, JR.
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
MATTHEW MARTINEZ